# MARCH, 1930.

31 S. W. (2) 224.

EDDYE PHILLIPS, RESPONDENT, v. A. B. HUNTER, JR., APPELLANT.

St. Louis Court of Appeals. Opinion filed June 13, 1930.

*Sharp & Baynes* for appellant.

*Gallivan & Finch* for respondent.

HAID, P. J.—This is an appeal from a judgment denying a plea in abatement in an action brought to recover rent of certain premises in New Madrid county, Missouri, in aid of which action an attachment was issued and garnishee summons served upon certain banks in which the defendant had funds on deposit.

The affidavit for attachment recites that it is for the purpose of obtaining the writ against the property of defendant under section 6893, Revised Statutes of Missouri, 1919. The cause was tried upon the following agreed statement of facts.

"It is agreed that for year 1926, defendant was a tenant of plaintiff under a written lease attached hereto of the land in petition described, and that the rent therefor was two thousand four hundred ($2,400) dollars and that during 1925, defendant planted wheat on said land and at the date of filing the suit in attachment defendant was still a tenant of plaintiff on the same land but under another agreement for year 1927. That Jas. Bails had quit said land in early part of the lease.

"It is further agreed that at the date of the filing of the petition in this case the rent of two thousand four hundred ($2,400) dollars, was past due and unpaid after demand therefor.

"It is agreed that the money garnisheed in this case was not derived from any crops grown on the plaintiff's land or the proceeds of any property ever on plaintiff's land.

"This suit was filed June 7, 1927.

"It is agreed that on the above statement of facts the plea in abatement may be disposed of and the merits also and that on the merits the court may act and the amount due is two thousand four hundred

($2,400) dollars for plaintiff with interest six (6%) per cent from January 1, 1927.''

At the trial the defendant requested three declarations of law as follows: (1) The court declares the law to be that under the affidavit filed in this cause that the issuance of a general attachment against the general estate of defendant was unauthorized by law, and that the levy made thereunder was illegal and irregular and should be abated as to such property. (2) The court declares the law to be that under the pleadings and admitted facts in this case the judgment and finding of the court must be for the defendant on the plea in abatement. (3) The court declares the law to be that under section 6893, of the Revised Statutes of Missouri, 1919, no authority to issue a general attachment against the general property of a tenant is given.

The court refused to give each of these declarations and entered judgment for the plaintiff. The sole question here is, therefore, whether the court erred in sustaining the attachment as to the bank deposits above referred to.

Section 6893 after providing that, ''any person who shall be liable to pay rent, whether the same be due or not, or whether the same be payable in money or other thing, if the rent be due within one year thereafter, shall be liable to attachment for such rent . . . sixth, when the rent is due and unpaid, after demand thereof . . . and that the person to whom the rent is owing . . . make affidavit of one or more of the grounds of attachment, and that he believes, unless an attachment issue, plaintiff will lose his rent.''

The attachment issued in the present case was based upon the claim of overdue rent and that plaintiff believed she would lose the same unless attachment be issued.

The section then provides that the officer, who by the section is authorized to do so, shall issue an attachment for the rent ''against the personal property, including the crops grown on the leased premises'' and then provides that no such attachment shall issue until bond shall have been executed as in the section directed. The controversy relates to a construction of the last above quoted portion of the section as to the property against which the writ may issue.

Counsel have not cited us to any case upon the particular question thus presented and we have been unable to find any cases in this State directly in point.

The section within itself seems to us clearly to indicate what was in the minds of the Legislature in enacting it. The particular clause in controversy would, perhaps, have been clearer with the insertion of a comma after the word ''grown,'' but we think a reading of the entire section discloses that it was intended, so far as personal property is concerned, other than crops, to limit its ap-

plication to such personal property which may be, or has been, upon the rented property.

Thus, it is provided that any renter shall be liable to attachment for rent, first, when he intends to remove his property from the leased or rented premises, second, when he is removing his property therefrom and third, when he has, within thirty days, removed his property therefrom.

It is quite evident, therefore, that it was intended that the personal property on the rented premises should be a form of security for the rent, and attachment was authorized whenever occasion arose that threatened to destroy such security.

This is further evident from the use of article "the" preceding the words "personal property," undoubtedly indicating that it is such property as is referred to in the first three instances in which attachment may issue, above referred to, i. e., property which is, or has been, upon the rented premises.

Under the construction contended for by plaintiff (respondent), a landlord would have a right superior to all other creditors, in that his attachment would reach not only the personal property on the premises, but also any property belonging to the tenant no matter where it might be found, although none of it was ever located or used upon the rented premises. We are unable to accept this theory as sound doctrine, and, as we have indicated, it is clearly beyond the intent and meaning of section 6893.

In the present case it is not even claimed that the attached funds arose from any crops grown on the rented premises, but on the contrary, the stipulation of facts shows that they were not the result of the sale of any crops grown thereon and that they were not the proceeds of any property ever on the rented premises.

We have examined all of the cases cited by the respective parties, and in none of them do we find anything contrary to the views we have expressed.

It results that the court erred in not sustaining the plea in abatement and the judgment must, accordingly, be reversed and the cause remanded with directions to dismiss the attachment so far as it applies to the funds in the hands of the garnishees, and that the garnishees be discharged. It is so ordered. *Becker* and *Nipper, JJ.*, concur.