NEW ENGLAND BANK AND TRUST COMPANY ET AL., APPELLANT, V. C. J. GRIESHEIMER ET AL., DEFENDANT; CHARLES A. GRIESHEIM- ER, RESPONDENT.—37 S. W. (2d) 668.

Kansas City Court of Appeals. Opinion filed March 2, 1931.

*Ryland, Stinson, Mag & Thomson* for appellant.

*E. M. Metcalf* for respondent Grieshiemer.

BOYER, C.—Plaintiffs filed a petition entitled "Suit in Equity" from which it appears that plaintiffs are the duly constituted trustees of the estate of Station Park Hotel Company, a dissolved corporation; that Kansas City, Missouri, is a municipal corporation; that defendants Griesheimer are indebted to plaintiffs on account of past-due rent, due and owing by them under the terms of a written lease executed by them and the Station Park Hotel Company wherein premises known as the Park Hotel were let to the said Griesheimers for a term of ten years beginning May 1, 1921, and ending April 30, 1931. The lease is made a part of the petition. By its terms the lessees were obligated to prepay rent in monthly installments. It

is alleged that in violation of the terms of the lease the lessees failed, neglected, and refused, after demand, to pay installments of rent for the months of September, October, November, and December 1928, and that said rent is past due and owing in the sum of $1906.10. The petition then proceeds with the following concluding paragraphs:

"Plaintiffs further state that there was heretofore instituted in this court a certain proceeding known and designated as 'In the matter of proceedings to condemn certain lands in the West Park District in Kansas City, for public use as an addition to Penn Valley Park,' the same being Cause No. 247,542 in which said proceedings a certain award was made to the defendants, Catherine J. Griesheimer and Charles A. Griesheimer, a portion whereof is now held by the defendant, Kansas City, Missouri.

"Plaintiffs further state that said indebtedness of said defendants, Catherine J. Griesheimer and Charles A. Griesheimer to plaintiffs, as hereinabove specifically set out, is proper ground for attachment, under and by virtue of the Laws of the State of Missouri, and particularly Section 6893 of the Revised Statutes of Missouri 1919, and that except for the intervention of this Honorable Court, said defendant, Kansas City, Missouri, will pay said sum to said defendants."

The prayer was for judgment against the lessees for the sum claimed to be due and that the money in the hands of defendant, Kansas City, be impounded for the satisfaction thereof and that said defendant, Kansas City, be directed to pay said money into court and abide judgment.

To the foregoing petition defendant Charles A. Griesheimer filed a demurrer on the ground "that plaintiffs' petition does not state facts sufficient to constitute a cause of action." The demurrer was sustained, and upon plaintiffs' refusal to plead further the court ordered, adjudged, and decreed that plaintiffs take nothing by this action, that defendants be discharged, and that the cause be dismissed. Plaintiffs duly appealed.

Obviously the sole question is whether the demurrer was properly ruled. We have reached the conclusion and hold that the learned trial court correctly sustained the demurrer, and the reason for our opinion follows.

From the petition, brief, and argument of appellants their cause of action rests upon an alleged *right* accorded to them by Section 6893, Revised Statutes 1919. They maintain that by virtue of said section they are entitled to establish and enforce a lien against the funds in the hands of the municipality, and that such lien cannot be enforced except in equity because the only remedy the law affords to render effective the right of attachment which the statute allows would be by aid of garnishment and that a municipality is not liable to be summoned as garnishee. The argument proceeds upon the

premise that the right to a lien exists, and that said right arises because the property of a tenant is subject to attachment on default in payment of past-due rent demanded. From the foregoing hypothesis appellants reason and conclude that without the aid of equity they are in possession of a *right* created by law and are left without a remedy.

Naturally, if the right which plaintiffs claim never existed then their cause of action cannot rest upon a non-existent right, and the petition states no cause of action. Did plaintiffs have a right of attachment against all personal property of the lessees and therefore a right of lien against their money in the hands of the city? This question brings us to a construction of the meaning and effect of Section 6893, Revised Statutes 1919. So far as we have been able to ascertain there is but one opinion from a court of this State bearing upon the immediate question. In the case of Phillips v. Hunter, 31 S. W. (2d) 224, the St. Louis Court of Appeals had before it the question as to whether or not a landlord under this section of the statute had the right to attach bank deposits of the tenant and summon the banks as garnishees. The money sought to be attached was not derived from any crops grown on the land or from the proceeds of any property ever on the rented premises. Construing the section of the statute in question the court observed:

"We think a reading of the entire section discloses that it was intended, so far as personal property is concerned, other than crops, to limit its application to such personal property which may be, or has been, upon the rented property. . . . It is quite evident, therefore, that it was intended that the personal property on the rented premises should be a form of security for the rent, and attachment exists must at least be identified by its past or present *situs* to destroy such security."

We are satisfied with the construction placed upon the statute by that learned court and therefore adopt and follow it, and are led to the conclusion that plaintiffs never had a right of attachment, and that such a right is limited to personalty which was or had been upon the leased premises and the proceeds thereof. It does not appear from the petition that the fund sought to be reached was of such character as to render it subject to attachment.

We are not called upon to determine whether the statute has like application to an urban and rural tenancy, but even though it does apply to the stated case the property against which a right of attachment exists must at least be identified by its past or present *situs* or derivation from property on the leased premises. The conclusion reached disposes of the case and renders a consideration of other matters suggested in the briefs unnecessary. It follows that the judgment should be affirmed. The Commissioner so recommends. *Campbell, C.,* concurs.

PER CURIAM:—The foregoing opinion by BOYER, C., is adopted as the opinion of the court. The judgment is affirmed. All concur except *Trimble, P. J.*, absent.